EXHIBIT 3

## MUTUAL AND GENERAL RELEASE AGREEMENT

**THIS MUTUAL AND GENERAL RELEASE AGREEMENT** (this "Mutual Release") is made as of October 30, 2019, by Joseph Piacentile ("Piacentile"), Brian Krauss ("Krauss"), Jeremy Troxel ("Troxel"), Troxel, Krauss & Chapman LLP ("TKC LLP"), Troxel, Krauss & Chapman LLC ("TKC LLC") ("TKC LLP and TKC LLC being collectively the "TKC Firms"), Whistleblowers International LLP ("WBI LLP"), also known as the Brian Krauss Law Firm LLP ("BKLF"), Whistleblowers International LLC ("WBI LLC"), (WBI LLP, BKLF, and WBI LLC being collectively the "WBI Firms"), Troxel Law LLC ("Troxel LLC"), and Troxel Law LLP ("Troxel LLP") (Troxel LLC and Troxel LLP being collectively the "Troxel Firms") (all being collectively the "Parties" or individually referred to as a "Party").

A.    Concurrently with the execution and delivery of this Mutual and General Release Agreement, Troxel, Krauss and Piacentile have entered into a settlement agreement, dated as of October 30, 2019 (the "TKC Settlement Agreement"), in order to settle all disputes between them as they relate to the TKC Firms.

B.    Pursuant to the TKC Settlement Agreement's Paragraph 17, the Parties have agreed to exchange "general and mutual releases relating to any claims that could have been brought by and amongst the Parties for any actions prior to the date of this Agreement. These releases shall extend to the employees or contractors associated with any of the WBI Firms, TKC Firms, and Troxel Law LLC and Troxel Law LLP."

C.    The Parties shall each enjoy substantial direct and indirect benefits as a result of the TKC Settlement Agreement, and thus the Parties' execution, delivery and performance of this Mutual Release is in the best interests of the Parties.

## AGREEMENT

In consideration of the recitals made above, which recitals are incorporated herein and made a part of this Mutual Release, and other good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

1.    Mutual and General Releases. Contingent upon the Parties' execution of this Mutual Release, the Parties, on behalf of themselves and all of their shareholders, members, owners, trustees, directors, officers, employees, agents, affiliates, spouses, beneficiaries, heirs, successors, and assigns, do hereby release each Party and their respective shareholders, members, owners, trustees, partners, principals, directors, officers, employees, agents, affiliates, spouses, beneficiaries, heirs, successors, and assigns, from any and all accrued and unaccrued demands, claims, causes of action, rights and remedies of any kind or nature, including but not limited to any and all known and unknown, liquidated or unliquidated, foreseen or unforeseen, losses, damages or injuries, of any kind, type or nature, which exist or have ever existed, whether based on tort, contract, statute, regulation or any other source of law, in any actions, proceedings or any other form of remedy, including any judgments, fines, penalties, interest and settlement obligations (other than what is required by this Mutual Release) that the Parties have, may have in the future or may acquire, based upon, related to, or arising out of or in any way related to any

of the claims or facts related in any way to the Parties' business and legal relationships, in addition, for any and all other services of any kind, nature or type ever rendered at any time by any of the Parties jointly or individually, to or for the benefit of any of the Parties.

(a)     Specifically exempt from this Mutual Release are the duties and responsibilities set forth in the TKC Settlement Agreement and the separate settlement agreement reached regarding the WBI Firms. Such duties and responsibilities shall remain in full force and effect despite this Mutual Release.

(b)     This Release will be deemed to be executed when identical counterparts, which taken together bear the signatures of all of the Parties, have been delivered to counsel or representatives for the Parties, by e-mail, facsimile, overnight delivery service, or U.S. mail.

(c)     Each Party knowingly, expressly, and irrevocably waives any and all defenses, rights, or benefits that each Party may have which limit to any extent the Mutual Releases in paragraph 1, above, with the exception of the carve-out provision at paragraph 1(a), above, which clarifies that the duties and responsibilities set forth in the TKC Settlement Agreement and the settlement agreement reached regarding the WBI Firms remain in full force and effect. This waiver includes, but is not limited to, any and all defenses, rights, or benefits that a Party might otherwise have under (i) section 1542 of the California Civil Code, which provides:

> **Section 1542.  General release; extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

or (ii) any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code. The Parties may discover facts other than or different from those which they know or believe to be true at the time that they execute this Mutual Release, but the Parties expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued claim which would otherwise fall within this Mutual Release, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

(d)     This Mutual Release shall have no precedential effect, and none of the Parties shall use this Mutual Release against each other for any purpose except to compel its enforcement.

(e)     Except as otherwise provided herein, each Party, by executing this Mutual Release, agrees that the existence and the terms of this Mutual Release shall be kept strictly confidential. Further, there shall be no publication, circulation or advertising of the terms and conditions of this Mutual Release except by consent of the Parties or order of a court of competent jurisdiction. The Parties may disclose the terms of this Mutual Release as may be required by any governmental or regulatory authority. Finally, the terms of this Mutual Release may be disclosed to the respective managerial employees, lawyers, accountants, tax authorities,

or insurers of the Parties, or anyone who may need to know this information (provided that prior to any such disclosure the Party informs such third-party that the information is subject to a confidentiality provision and takes all reasonable steps to ensure that such third-party will maintain the confidential nature of such information).

(f)     This Mutual Release has been prepared through the joint effort of the Parties and will not be construed or any ambiguity resolved in favor of or against any of the Parties by reason of who did or did not contribute to its preparation. This Mutual Release is intended for the purposes expressed herein and is not intended for the benefit of anyone other than the parties. This Mutual Release shall not be used, cited or offered into evidence in any proceeding or otherwise relied upon except for those purposes expressly set forth in this Mutual Release.

2.     <u>Parties Releases Absolute</u>.  The Parties acknowledge and agree that no change in the nature or terms of the TKC Settlement Agreement, or other agreements, instruments or contracts evidencing, related to or attendant upon the Settlement Agreement (including any novation) shall discharge all or any part of the Mutual Releases granted by this agreement, it being the purpose and intent of the Parties hereto that the covenants and agreements set forth herein are absolute, unconditional and irrevocable under any and all circumstances.

3.     <u>Waivers</u>.

(a)     To the fullest extent permitted by applicable law, the Parties hereby absolutely, unconditionally and irrevocably expressly waive the following: (i) notice of acceptance of this Mutual Release; (ii) presentment, demand, notice of dishonor, protest, and all other notices whatsoever; and (iii) trial by jury.

4.     <u>Notices</u>.  Any notices, requests, demands or other communications required or permitted hereunder shall be in writing and shall be, (a) hand delivered, (b) sent by Federal Express, Express Mail or similar overnight delivery service, or (c) sent by certified or registered mail, return receipt requested, in any case addressed to the address set forth below (or to such other address as a party shall have designated by notice given to the other parties pursuant hereto), and unless otherwise provided herein shall be deemed given, (A) when delivered if hand delivered, (B) when delivered if sent by Federal Express, Express Mail or other overnight delivery service, or (C) the date received if sent by certified or registered mail, return receipt requested:

If to Piacentile or the WBI Firms:     Joseph Piacentile
25 Angela Court
Woodcliff Lake, New Jersey 07677


with a copy to:     David S. Stone, Esq.
Stone & Magnanini LLP
100 Connell Drive
Suite 2200

Berkeley Heights, New Jersey 07922

If to Krauss, to:
Brian Krauss
233 W. Saddle River Rd.
Saddle River, New Jersey 07450

with a copy to:
Larry Hutcher, Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, New York 10158
Facsimile: 212-286-1884

If to Troxel, the TKC Firms or Troxel Firms:     Jeremy Troxel
[ADDRESS TO BE PROVIDED]

5.     Representations and Warranties; Covenants.  In order to induce each of the Parties to enter into the Mutual Release, the Parties each represent, warrant and agree that: (a) this Mutual Release has been duly executed and delivered by such party and constitutes such party's legal, valid and binding obligation; (b) each representation, warranty, covenant and waiver set forth in this Mutual Release is made with each of the Parties having full knowledge of its significance and consequences and after having consulted with counsel of such Party's own choosing and that, under the circumstances, each such representation, warranty, covenant and waiver is in the best interest of such party; and (c) compliance by the Parties with this Mutual Release does not breach or violate any agreement to which the Parties are a party and nothing in any agreement prohibits the Partis from carrying out its duties and obligations hereunder.

6.     Governing Law.  This Mutual Release shall be governed by and be construed and enforced in accordance with the substantive law of the District of Columbia, without regard to the choice of law provisions thereof.  Each party hereto irrevocably waives its right to a jury trial and unconditionally consents to submit to the exclusive jurisdiction of binding arbitration, to be administered by JAMS Washington, D.C. office, at a location mutually agreeable and convenient for the Parties and the arbitrator, for any action, dispute, suit or proceeding arising out of or relating to this Mutual Release.  In the event of any action as to any matters of dispute between the Parties, service of any process may be made upon the other Party in the same manner as the giving of notices under Section 4 of this Mutual Release.

7.     Modification.  Neither this Mutual Release nor any of its terms, provisions or conditions may be altered, amended or modified in any way, except as specifically provided in a written instrument signed by an authorized officer of the Parties.

8.     Severability.  Each provision of this Mutual Release shall be severable from every other provision of this Mutual Release for the purpose of determining the legal enforceability of any specific provision.

4

9.    Counterparts; Electronic Transmission.    This Mutual Release may be executed in any number of counterparts and by different parties on separate counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same agreement.  Delivery of an executed counterpart of this Mutual Release by electronic transmission shall be equally as effective as delivery of an original executed counterpart of this Guaranty.

10.    Section Headings.    Headings and numbers have been set forth herein for convenience only.

11.    Integration.    This Mutual Release, together with the other transaction documents, reflects the entire understanding of the parties with respect to the transactions contemplated hereby and shall not be contradicted or qualified by any other agreement, oral or written, before the date hereof.

12.    Waiver.    No failure on the part of the parties hereto to exercise, and no delay on the part of the parties hereto in exercising, any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise by the parties hereto of any right, power or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right, power or remedy.  The remedies herein provided are cumulative and are not exclusive of any remedies provided by law.

*[Signatures provided on following page.]*

**IN WITNESS WHEREOF,** the parties hereto have executed this Mutual Release as of the date first above written.

_____
Joseph Piacentile


_____
Brian Krauss

_Jeremy Troxel_
_____
Jeremy Troxel


_____
Whistleblowers International LLP, also known as the Brian Krauss Law Firm LLP
By: Joseph Piacentile


_____
Whistleblowers International LLC
By: Joseph Piacentile


_Jeremy Troxel_
_____
Troxel, Krauss & Chapman LLP
By: Jeremy Troxel


_Jeremy Troxel_
_____
Troxel, Krauss & Chapman LLC
By: Jeremy Troxel


_Jeremy Troxel_
_____
Troxel Law LLC
By: Jeremy Troxel


_Jeremy Troxel_
_____
Troxel Law LLP
By: Jeremy Troxel

IN WITNESS WHEREOF, the parties hereto have executed this Mutual Release as of the date first above written.

Joseph Piacentile

Brian Krauss

Jeremy Troxel

Whistleblowers International LLP,
also known as the Brian Krauss
Law Firm LLP
By: Joseph Piacentile

Whistleblowers International LLC
By: Joseph Piacentile

Troxel, Krauss & Chapman LLP
By: Jeremy Troxel

Troxel, Krauss & Chapman LLC
By: Jeremy Troxel

Troxel Law LLC
By: Jeremy Troxel

Troxel Law LLP
By: Jeremy Troxel