David S. Stone
STONE & MAGNANINI LLP
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
dstone@stonemagnalaw.com
*Attorneys for Plaintiff*

| | |
|---|---|
| JOSEPH PIACENTILE, M.D., J.D., an individual residing in the Commonwealth of Puerto Rico,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY TROXEL, Esq., a New York licensed attorney currently residing in California; and JONATHAN RUBLEE, an individual residing in Pennsylvania,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No.: 1:20-cv-05252-JMF<br><br>**DECLARATION OF JOSEPH PIACENTILE, M.D., J.D., IN SUPPORT OF PLAINTIFF'S LETTER-MOTION FOR INFORMAL CONFERENCE REGARDING EMERGENCY DISCOVERY** |

Plaintiff Joseph Piacentile, M.D., J.D., having personal knowledge of the information set forth below, hereby deposes and declares as follows:

1. I, Joseph Piacentile, M.D., J.D., am the Plaintiff in the above-referenced matter. I submit this Declaration in support of my Letter-Motion seeking an informal conference with the Court regarding the need for emergency discovery in this matter.

2. In addition to the facts and allegations set forth in my First Amended Complaint, previously filed in this matter, I add the following information for the Court's consideration.

1

3. While a Puerto Rican entity, Troxel Krauss & Chapman, LLC ("TKC LLC"), was created, my understanding was that this company was to be an affiliated entity of Troxel Krauss & Chapman, LLP ("TKC LLP") which would control it– with the funds from TKC LLP passing through TKC LLC so that Krauss and Troxel could obtain certain tax advantages.

4. Although I was not a member of TKC LLC, the parties understanding was that I would benefit from revenues of TKC LLC through my ownership interest in TKC LLP. The documents signed by Brian Krauss, Esq., the business partner of myself and Defendant Troxel, reflect that understanding.

5. I was not told that TKC LLC was a separate law firm and retaining clients apart from TKC LLP.

6. There was never an understanding that TKC LLC was competing with TKC LLP and had a separate book of business that I was not entitled to share.

7. A year after the TKC Settlement Agreement was executed, Troxel is no closer to abiding by any of its terms or his professional and ethical obligations. Two startling revelations that have come a year later are (1) Troxel is claiming that the Keller Lenkner firm, who is referred to in the agreement as TKC LLP's co-counsel, never had a case with TKC LLP, and (2) having failed to comply with the requirement that he provide the names of TKC LLP clients, after this lawsuit was filed Troxel for the first time took the position that some unknown number of those clients were actually clients of TKC LLC and I have no interest in them.

8. Thus, Troxel used my investment to fund the operations of what Troxel now calls a separate law firm (TKC LLC) and which he insists that I am entitled to no share of. This is no minor issue, as Keller Lenkner is currently involved in massive litigation with Uber and Lyft, among others, seeking hundreds of millions of dollars in class litigations and mass arbitrations.

9.       Troxel has abandoned TKC LLP while refusing to remove his name from the firm or its website.  TKC clients who apparently do not even know what law firm and what lawyers represent them are attempting to locate Troxel to learn information about their cases.  True and genuine copies of a few examples of these client inquiries are attached a **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/27/20                                                    *s/Joseph Piacentile*
                                                                              Joseph Piacentile, M.D., J.D.