THE LAW OFFICES OF

# NEAL BRICKMAN, P.C.

420 LEXINGTON AVENUE, SUITE 2440
NEW YORK, NEW YORK 10170

NEAL BRICKMAN
JUDITH L. GOLDSBOROUGH
ETHAN Y. LEONARD
VIRIGNIA A. REILLY
JASON A. STEWART

TELEPHONE:
(212) 986-6840

TELECOPIER:
(212) 986-7691

December 1, 2020

Via ECF Only

Honorable Jesse M. Furman
United States District Judge
United States Courthouse
40 Centre Street - Room 2202
New York, New York 10007
(212) 805-0282

        Re: *Piacentile v. Troxel and Rublee*
           Case No: 20-CV-5252 (JMF)

Dear Judge Furman:

  We represent the Defendants in the above referenced matter. We write today pursuant to the Court's Individual Practices in response to Plaintiff's November 27, 2020 correspondence seeking a pre-motion conference.

  As an initial, and dispositive matter, the relief sought by Plaintiff in his proposed motion is enforcement of a contract that he now seems to concede is subject to a broad arbitration clause.[1] Each of the eight (8) requests for relief deal directly with enforcement of various elements of the TKC Settlement Agreement that Plaintiff asserts – erroneously we submit -- have not been complied with. It is irrefutable that the TKC Settlement Agreement contains the following arbitration provision at Paragraph 23:

> **Arbitration**: Any dispute arising out of or related to this agreement shall be subject to binding arbitration with JAMS Washington, D.C., Office, at a location mutually agreeable to the Parties and the Arbitrator.

---

[1] As noted Defendants have already filed a motion to dismiss and compel arbitration (Dkt 21-22) and will not repeat all of those arguments herein, but respectfully refer the Court to that filing and the clear and irrefutable legal precedents recited therein.

It is equally irrefutable that the Parties hereto, among others, also executed a second agreement entitled "Mutual and General Release Agreement" (hereinafter, the "Release Agreement") at or about the same time which contained a similar arbitration provision within Paragraph 6 "Governing Law":

> Each party hereto irrevocably waives its right to a jury trial and unconditionally consents to submit to the exclusive jurisdiction of binding arbitration, to be administered by JAMS Washington, D.C. office, at a location mutually agreeable and convenient for the Parties and the arbitrator, for any action, dispute, suit or proceeding arising out of or relating to this Mutual Release.

Moreover, in his November 27, 2020 correspondence to the Court, Plaintiff admits that by March 2019 he knew that the TKC partnership needed to end and that he spent the next several months negotiating and entering into the arms-length TKC Settlement Agreement, which, along with the Release Agreement, contain broad general releases of all claims between the Parties. This is not a close call. Plaintiff's application should be denied as the proposed motion would be futile as it seeks discovery as to items specifically related to claims that he has specifically and unequivocally agreed to arbitrate and over which this Court simply does not have jurisdiction.

Neither of the cases cited by Plaintiff support a contrary conclusion. The Court in *Blumenthal* dealt with the issue of whether a plaintiff could recover for damages resulting from a wrongful injunction entered in anticipation of arbitration. *Blumenthal v. Merrill Lynch*, 910 F.2d 1049 (2nd Cir. 1990). In that case, the initial injunction was sought by Merrill Lynch on a cross-claim to preclude two brokers -- who had resigned and gone to work for a competitor -- from soliciting or accepting orders from their Merrill Lynch clients. The Court declined to preclude the possibility of any injunctive relief, but did find that that the injunction in that instance was "wrongful" based on the arbitrators' subsequent decision. *Id*. The Court in *Baldwin Tech. Co. v. Printers' Service*, 2016 U.S.Dist. LEXIS 10086; 2016 WL 354914 (SDNY, 1/27/16 (GBD)), while recognizing that injunctive relief may be granted pre-arbitration "to preserve the status quo," such relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id*., quoting, *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2nd Cir. 2007); *Moore v. Consol. Edison Co.,* 409 F.3d 506 (2nd Cir. 2005). Neither the *Blumenthal* case, nor the *Baldwin Tech.* case address a circumstance where, as here, the movant is seeking pre-arbitration "emergency discovery" (Plaintiff's words) on the very issues that it explicitly agreed to arbitrate. No aspect of the relief sought by Plaintiff relates to maintaining the status quo, the only conceivable basis for a preliminary injunction pre-arbitration. As such, the instant application should be denied.

In addition, it is clear that in order to qualify for a preliminary injunction, a party must demonstrate (1) a likelihood of success on the merits; (2) likelihood of irreparable injury absent the injunction; (3) that the balance of hardship is in movant's favor; and (4) that public interest would not be disserved by the injunction. *See e.g., Salinger v. Colting*, 607 F.3d 68, 79-80 (2nd Cir. 2010). Plaintiff addresses none of these elements; presumably because they are irrelevant to his instant request to make a motion for pre-arbitration discovery on the very issues that he agreed to arbitrate. Notably, irreparable injury cannot be demonstrated, and preliminary injunctions

should not be granted where – as herein – there is no actual or imminent injury, much less any injury that could not be monetized. See *e.g., Baldwin Tech.,* 2016 US Dist Lexis at 10; see also, *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37-38 (2nd Cir. 1995); *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2nd Cir. 1995).  In this matter, there is no allegation of injury, much less any imminent injury, much less any "irreparable harm."  The TKC Settlement Agreement and the Release Agreement were executed over a year ago.  Any allegation of "irreparable harm" concerning the referenced pre-arbitration discovery requests would be abjectly fallacious.  As such, the instant application by Plaintiff should be denied in its entirety.

While the case law and relevant facts set forth above are dispositive, Defendants are compelled to address a few of Plaintiff's more egregious contentions in the recent filings in support of application for leave.  First, it must be noted that Mr. Troxel has explicit claims under the terms of the TKC Partnership Agreement due to Mr. Piacentile's abject failure to comply with the terms of that agreement, including, but not limited to an accounting for the purported $500,000 (already acknowledged to be reduced to $420,000) investment; the current status of various cases maintained by Whistleblowers International ("WBI"), a separate entity through which the parties conducted business; the disbursement of funds due him based on settlements reached on cases through WBI; and enforcement of the non-disparagement clauses therein. Second, as set forth in Defendants' pending motion, any claims by Mr. Piacentile – to the extent any exist, which Defendants deny – against Mr. Rublee are clearly subject to arbitration. Third, Defendants have never directed the creation of or had the authority to create any tax returns for TKC LLP.  The one TKC LLP return which Mr. Troxel was provided for the year 2016 reflects that Mr. Piacentile was the 100% owner until the involvement of Mr. Krauss, whereupon Mr. Piacentile became a 5% owner and Mr. Krauss became the 95% owner – a far cry from the representations submitted to the Court on November 27, 2020.  Fourth, contrary to the current assertions of Plaintiff, it was clear prior to the settlement – and, indeed, common knowledge and understanding between Plaintiff, Mr. Troxel, and Mr. Krauss – that TKC LLC was formed on 10/24/2017, had Mr. Troxel and Mr. Krauss as its members; and was the entity, as opposed to TKC LLP, which signed most of the tort clients.  Fifth, and as Plaintiff is clearly aware, the attachments to Mr. Piacentile's affidavit declaration are not inquiries from any cases ever brought or investigated by either TKC LLP or TKC LLC and are wholly irrelevant to any even potential issues before this Court.

While it is clear that Plaintiff is determined to attempt to pursue claims he has released, he, at least, should be held to the arbitration clauses that he agreed upon, and the instant application should be denied in its entirety.

We thank the Court for its time, attention, and assistance in this regard.

Respectfully submitted,

Ethan Leonard (EL2497)

Cc: David S. Stone (Via ECF Only)